IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DIANE M. JONES, | * | C.A. No. |
| | * | |
| Plaintiff, | * | |
| | * | **TRIAL BY JURY DEMANDED** |
| v. | * | |
| | * | |
| CHARMING SHOPPES, INC., | * | |
| a Pennsylvania corporation; | * | |
| CHARMING SHOPPES OF | * | |
| DELAWARE, INC., a | * | |
| Pennsylvania corporation; | * | |
| and LANE BRYANT (DELAWARE) | * | |
| CORPORATION, a Delaware | * | |
| corporation, | * | |
| | * | |
| Defendants. | * | |

**COMPLAINT**

1. Plaintiff Diane M. Jones is a resident of the State of Delaware, residing at 389 Frear Drive, Dover, Delaware 19901.

2. Defendant Charming Shoppes, Inc., is a Pennsylvania corporation whose principal place of business is located at 450 Winks Lane, Bensalem, Pennsylvania 19020.

3. Defendant Charming Shoppes of Delaware, Inc., is a Pennsylvania corporation whose principal place of business is located at 450 Winks Lane, Bensalem, Pennsylvania 19020.

4. Defendant Lane Bryant (Delaware) Corporation is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

5. At all times relevant to this Complaint, Defendants were employers within the State of Delaware.

6. Jurisdiction is conferred on this Court by 42 U.S.C. §2000e-5(f)(3), by 29 U.S.C. §621 *et seq.*, and by 28 U.S.C. §1343.

7. Venue for all causes of action stated herein lies in the District of Delaware, as the acts alleged as the bases for these claims took place within the boundaries of that District.

8. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*; under 42 U.S.C. §1981; and under the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*, to redress the wrongs done her by Defendants' discrimination against her on the basis of her race and age.

9. Plaintiff timely submitted a complaint of discrimination on the basis of race and age to the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC").

10. Plaintiff has received a notice of right to sue for the above-referenced charge from the EEOC.

11. Plaintiff has timely filed this Complaint within ninety (90) days of her receipt of the notice of right to sue.

12. Plaintiff is an African-American female, and at all times relevant to this Complaint was over forty (40) years of age.

13. Plaintiff began her employment with Defendants on or about September 14, 1986.

14. At the time of her termination on August 8, 2006, Plaintiff was a store sales manager at the Concord Mall Store, and Plaintiff was 54 years of age.

15. At all times relevant to this Complaint, Plaintiff was qualified for her job position and satisfactorily performed all duties of her job position.

16. At all times relevant to this Complaint, Plaintiff was supervised by District Sales Manager Michele Hague, whose race is Caucasian, and who, at all times relevant to this Complaint, was under forty (40) years of age.

17. Defendants, through their agents, including Ms. Hague, subjected Plaintiff to a hostile work environment because of her race and age by, *inter alia*, making derogatory statements toward Plaintiff in front of her peers, making excessive store visits, and not providing Plaintiff with a compliance check list within the relevant time period.

18. Prior to the advent of Ms. Hague as District Sales Manager in early 2006, Plaintiff received numerous commendations and positive evaluations.

19. On or about August 8, 2006, Defendants terminated Plaintiff. The reason proffered for the termination, alleged performance issues, was pretextual.

20. Defendants replaced Plaintiff with a Caucasian female who was approximately 25 years old.

21. The actions of Defendants in harassing Plaintiff and terminating her were wrongful and discriminatory against Plaintiff on the basis of her race and age.

22. The wrongful acts committed by Defendants, as stated hereinabove, were wilful, wanton, and committed in bad faith.

23. As a direct result of the actions of Defendants, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

### COUNT I -- TITLE VII

24. Plaintiff restates and incorporates by reference paragraphs 1 through 23 hereinabove.

25. By committing the aforementioned acts, Defendants have discriminated against Plaintiff on the basis of her race in violation of 42 U.S.C. §2000e, *et seq.*

26. As a direct result of the discriminatory conduct of Defendants, Plaintiff has suffered damages, including, but not limited to, physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for:

(a) Back pay, including interest;

(b) Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

(c) Punitive damages;

(d) Pre-judgment and post-judgment interest;

(e) Attorney's fees and costs;

(f) Reinstatement, if feasible, or, in the alternative, front pay; and

(g) Any other relief that this Court deems just.

### COUNT II -- 42 U.S.C. §1981

27. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 25 hereinabove.

28. By committing the aforementioned acts, and specifically by discriminating against Plaintiff on the basis of her race, Defendants have violated 42 U.S.C. §1981.

29. As a direct result of the discriminatory conduct of Defendants, Plaintiff has suffered damages, including, but not limited to, physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for:

    (a) Back pay, including interest;

    (b) Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

    (c) Punitive damages;

    (d) Pre-judgment and post-judgment interest;

    (e) Attorney's fees;

    (f) Reinstatement, if feasible, or, in the alternative, front pay; and

    (g) Any other relief that this Court deems just.

### COUNT III -- AGE DISCRIMINATION IN EMPLOYMENT ACT

30. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 28 hereinabove.

31. The actions of Defendants as described in this Complaint represent discrimination against Plaintiff on the basis of her age in violation of 29 U.S.C. §621 et seq.

32. As a direct result of the discriminatory conduct of Defendants, Plaintiff has suffered damages, including, but not limited to, physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for:

(a) Any and all damages available pursuant to 29 U.S.C. §621 et seq., including, but not limited to, lost wages, salary, employment benefits, back pay, front pay, interest, liquidated damages, and any and all other available pecuniary damages.

(b) Compensatory damages;

(c) Punitive damages;

(d) Pre-judgment and post-judgment interest;

(e) Attorney's fees and costs;

(f) Reinstatement, if feasible; and

(g) Any other relief that this Court deems just.

SCHMITTINGER & RODRIGUEZ, P.A.

BY: _____
NOEL E. PRIMOS, ESQUIRE
Bar I.D. #3124
414 S. State Street
P.O. Box 497
Dover, DE   19901
(302) 674-0140
Attorneys for Plaintiff

DATED: 05-22-2008
NEP:pmw

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rule
he Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVI

**I.(a) PLAINTIFFS**
Diane M. Jones

**DEFENDANTS**
Charming Shoppes, Inc., a Pennsylvania corporation
Charming Shoppes Of Delaware, Inc., a Pennsylvania Corporation; and Lane Bryant (Delaware) Corporation a Delaware corporation

(b) County of Residence of First Listed Plaintiff  Kent
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Plaintiff _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Noel E. Primos, Esquire
Schmittinger & Rodriguez, P.A.
414 S. State Street, P.O. Box 497
Dover, DE 19901
(302) 674-0140

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place and "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OT |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointm |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banki |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influer Corrupt Organiz |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395 ff) | ☐ 850 Securities/Comm Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challe 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory A |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Act: |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabil: |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental N |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing / Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocatic |
| ☐ 240 Torts to Land | ☐ 445 Amer. W/Disabilities- Employment | ☐ 535 Death Penalty | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 895 Freedom of Infor |
| ☐ 245 Tort Product Liability | ☐ 446 Amer. w/Disabilities – Other | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee De Under Equal Acc To Justice |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality State Statutes |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to Judge from Magistrat

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 2000e; 42 U.S.C. 1981; 29 U.S.C. 621
Brief description of cause: Plaintiff seeks damages for Defendants discriminatory conduct and breach of contract.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASES(S) IF ANY**
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE  5-22-08
SIGNATURE OF ATTORNEY OF RECORD  [signature]

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____



RO scanned

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____/____ COPIES OF AO FORM 85.

_____5/23/08_____                      _____[signature]_____
(Date forms issued)                    (Signature of Party or their Representative)

                                       ____NOEL E. PRIMOS____
                                       (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action