IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DIANE M. JONES, | : |
| Plaintiff, | : |
| v. | : C.A. No. 08-308 JJF |
| LANE BRYANT, INC., | : |
| Defendant. | : |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
LANE BRYANT, INC. TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Lane Bryant, Inc.[1] ("Lane Bryant" or "Defendant"), by its attorneys, hereby responds to Plaintiff Diane M. Jones' ("Plaintiff") Complaint in accordance with its numbered paragraphs as follows:

1. It is admitted that Defendant's records reflect her last known address to be the address set forth in Paragraph 1.

2. No response is required to Paragraph 2 per the Parties' stipulation filed on June 26, 2008 dismissing Defendant Charming Shoppes, Inc. from this civil action without prejudice.

3. No response is required to Paragraph 3 per the Parties' stipulation filed on June 26, 2008 dismissing Defendant Charming Shoppes of Delaware, Inc. from this civil action without prejudice.

---

[1] Plaintiff originally sued "Charming Shoppes, Inc.; Charming Shoppes of Delaware, Inc.; and Lane Bryant Corporation." By stipulation filed June 26, 2008, Plaintiff voluntarily dismissed these three Defendants without prejudice and substituted "Lane Bryant, Inc." as the sole Defendant.

4. No response is required to Paragraph 4 per the Parties' stipulation filed on June 26, 2008 dismissing Defendant Lane Bryant Corporation from this civil action without prejudice.

5. It is admitted only that at all times relevant to this Complaint, Lane Bryant, Inc. was an employer within the State of Delaware. The remaining allegations contained in Paragraph 5 are denied.

6. The allegations of Paragraph 6 constitute conclusions of law to which no response is required.

7. The allegations of Paragraph 7 constitute conclusions of law to which no response is required.

8. It is admitted only that Plaintiff purports to bring this civil action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e) et seq.; 42 U.S.C. §1981; and the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. It is denied that Defendant violated any statute or that Plaintiff is entitled to any relief.

9. It is admitted only that Plaintiff filed a complaint of discrimination on the basis of race and age with the Delaware Department of Labor and Equal Employment Opportunity Commission. The remaining allegations of Paragraph 9 constitute conclusions of law to which no response is required.

10. Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff received a Notice of Right to Sue and therefore denies the allegations of Paragraph 10.

11. Defendant is without knowledge or information sufficient to form a belief as to when Plaintiff received a Notice of Right to Sue and therefore denies the allegations of

Paragraph 11. The remaining allegations of Paragraph 11 constitute conclusions of law to which no response is required.

    12.    Admitted.

    13.    Admitted.

    14.    Admitted.

    15.    Denied.

    16.    Admitted

    17.    Denied.

    18.    Denied.

    19.    It is admitted only that Plaintiff was terminated on August 8, 2006. The remaining allegations of Paragraph 19 are denied.

    20.    Admitted.

    21.    Denied.

    22.    Denied.

    23.    Denied.

## COUNT I – TITLE VII

    24.    Defendant incorporates by reference its responses to Paragraphs 1-23 of the Amended Complaint as if set forth fully herein.

    25.    Denied.

    26.    Denied.

## COUNT II – 42 U.S.C. § 1981

27. Defendant incorporates by reference its responses to Paragraphs 1-26 of the Amended Complaint as if set forth fully herein.

28. Denied.

29. Denied.

## COUNT III – AGE DISCRIMINATION IN EMPLOYMENT ACT

30. Defendant incorporates by reference its responses to Paragraphs 1-29 of the Amended Complaint as if set forth fully herein.

31. Denied.

32. Denied.

**WHEREFORE**, Defendant requests that Plaintiff's Amended Complaint be dismissed with prejudice and that it be awarded its costs and attorneys' fees incurred in defending against Plaintiff's claims and that the Court grant such other and further relief as may be proper.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state any claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

3. Plaintiff's claims are barred, in whole or in part, by her failure to satisfy the statutory and/or jurisdictional prerequisites to the institution of an action under the statutes under which she purports to proceed.

4. Plaintiff's claims for monetary relief are barred or diminished to the extent she has failed to mitigate her damages.

5. Plaintiff's demand for punitive damages is barred in whole or in part because Defendant has made good faith efforts to comply with anti-discrimination laws at all times and has adopted, publicized, and enforced policies against the type of discrimination alleged in the Amended Complaint.

6. Defendant has in place a strong policy against harassment of any kind, and Plaintiff unreasonably failed to take advantage of any preventative and corrective opportunities provided by Defendant or to otherwise avoid harm

7. All actions taken with respect to Plaintiff were taken in good faith and based on a reasonable factor other than age.

8. All actions taken with respect to Plaintiff were taken in good faith and without discriminatory or harassing motive and for legitimate, non-discriminatory reasons.

9. Defendant would have made the same decisions even in the absence of any impermissible factor.

Respectfully submitted,

*David H. Williams*
David H. Williams (ID No. 616)
dwilliams@morrisjames.com
MORRIS JAMES LLP
500 Delaware Ave., Suite 1500
P.O. Box 2306
Wilmington, DE 19899
302.888.6900

                                Of Counsel:
                                Michael J. Ossip (admitted pro hac vice)
                                Sean W. Sloan (admitted pro hac vice)
                                MORGAN, LEWIS & BOCKIUS LLP
                                1701 Market Street
                                Philadelphia, PA  19103
                                215.963.5761/5084

Dated: July 8, 2008                *Attorneys for Defendant Lane Bryant, Inc.*